IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MONGO J. WILLIAMS, #1269681 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv281 |
| ANTHONY DUMKWU, ET AL | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Mongo J. Williams, a prisoner confined at the Beto Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 complaining an incident occurring at the Beto Unit. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Williams sues (1) Anthony Dumkwu, (2) Captain Holman, (3) Traci Bradley, and (4) Warden Ragsdale. The present Report and Recommendation concerns only Defendant Bradley's motion to dismiss, (Dkt. #15). For reasons explained below, the Court recommends that the motion be granted and Plaintiff's claims against her be dismissed with prejudice.

**I. Williams's Amended Complaint**

The operative pleading in this lawsuit is Williams's amended complaint, (Dkt. #8). Generally, an amended complaint entirely supersedes and takes the place of the original complaint. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736 (5th Cir. 1986). In his amended complaint, he raises claims concerning alleged excessive use of force and medical deliberate indifference. Williams maintains the following:

> [He] was denied a serious medical need[,] a medical shower on 12-12-22 by Anthony Dumkwu C.O. IV. As [he] walked away from him he ran up from behind me and slammed me against the wall and windows in the North Side Hallway. Two other officers ran to my aid as Captain Christopher Holman stood and watched as I was being beaten by Officer Dumkwu. The woman officer grabbed officer Dumkwu as he slammed my head and body against the wall and windows as I held my hands up not wanting to get hurt as an officer

1

man came over and pulled officer Dumkwu off of me as the lady officer held me in place as he put the handcuffs on me. I asked her if my hand was bleeding because it didn't feel normal as my head and left elbow, right shoulder, and left pinky began to hurt at all the same time. Then Sgt. Traci Bradley came from nowhere with a camera and began recording as Captain Christopher ran over and grabbed me by the collar and began to yell[] "shut up!" and "Let me talk!" When I was just trying to ask why was I being assaulted by him and Officer Dumkwu. Captain Christopher Holman had watch[ed] what was going on from the [beginning] then I was taken to the infirmary then X-wing and placed in a small shower for (4) hours as I showed my pinky, arm, and elbow [on] camera.

(Dkt. #8, pg. 4). Williams seeks damages and compensation for his injuries, pain and suffering, and mental anguish.

## II. Defendant Bradley's Motion to Dismiss

Defendant Bradley maintains that Williams failed to state an Eighth Amendment claim against her. Specifically, she contends that Williams does not allege that "Bradley ignored his complaints, or that she delayed his access to medical care," but instead demonstrated the opposite through her "prompt escort of Williams to the infirmary," (Dkt. #15, pg. 4). Bradley further asserts that she is entitled to qualified immunity because "Willams does not allege a violation of any clearly established rights by Bradley" and, even if he did, her actions were "reasonable."

## III. Williams's Response

Williams opposes the motion to dismiss, (Dkt. #17). He insists that Defendant Bradley, who arrived after the force incident to record, among other things, put him inside the shower for hours while he was in pain and "knew it."

## IV. Legal Standards

As an initial matter, Williams is proceeding *pro se*. Accordingly, he is entitled to liberal construction and, "however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* litigants are held to less stringent standards than pleading filed by lawyers, they "must actually

2

argue something that is susceptible to liberal construction." *See Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010).

The United States Court of Appeals for the Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

## IV. Discussion and Analysis

### A. Medical Deliberate Indifference

Williams's claims regarding medical deliberate indifference against Defendant Bradley fail to state a claim upon which relief may be granted. Deliberate indifference to a prisoner's serious

medical needs constitutes an Eighth Amendment violation and states a cause of action under section 1983. *See Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer*, 511 U.S. 835 (1994), the Supreme Court noted that deliberate indifference involves more than mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 837.

The Fifth Circuit has discussed the high standard involved in demonstrating deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the medical care context, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, "medical records of sick calls, examinations, diagnosis, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (affirming the district court's summary dismissal of Banuelos's lawsuit based on his medical records rebutting his claim of medical deliberate indifference).

Here, Williams alleges that Defendant Bradley arrived on the scene after the Use-of-Force incident and began recording, escorted him to the prison infirmary but never took the handcuffs,

4

and subsequently placed him in a shower for four hours while he was in pain. Even liberally construing these claims, Williams merely states that Bradley, a Sergeant, arrived after the scene to record and then escorted him to the infirmary. But if Bradley promptly took him to the medical infirmary after the incident, then Williams fails to state a claim of medical deliberate indifference against her. *See, e.g.*, *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) ("We first note the fundamental inconsistency between Wesson's statement in his pleadings below that the defendants escorted him to the prison infirmary, and his claim that these same defendants denied him access to medical care.").

Williams describes his injuries as a "hurt" pinky and an injured elbow. As he describes them, such minor injuries do not constitute a "serious medical need" that would establish deliberate indifference. *Id.* ("Wesson's alleged injuries at the time of the incident at issue, swollen wrists and some bleeding, do not constitute such a 'serious medical need' that any minor delay caused by the defendants in delivering medical care of medical personnel could be construed as 'deliberate indifference.'").

Williams additional claim that Bradley performed an "improper evaluation" on him prior to his escort to the infirmary further fails to state a claim for medical deliberate indifference upon which relief can be granted. As mentioned above, a prisoner's disagreement with a medical examination or conclusion—absent extraordinary circumstances—fail to show deliberate indifference. *Gobert*, 463 F.3d at 346; *see also see also Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016) ("Blank's desire to see Dr. Sandknop more often amounts to a disagreement over his treatment, which, as discussed *supra*, does not rise to the level of deliberate indifference."). Accordingly, by maintaining that her alleged evaluation was "improper," he failed to state a claim. This particular claim against Defendant Bradley should be dismissed.

Finally, to the extent that Williams complains of any delay in receiving medical care for four hours while inside the shower, (Dkt. #8, pg. 4), this allegation also fails to state a claim upon which relief may be granted. A delay in medical care or treatment can only constitute an Eighth Amendment violation if there has been deliberate indifference that *results in substantial harm*. *See Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013); *Irby v. Hinkle*, 2023 WL 2524447, at *4 (5th Cir. 2023).

Here, however, Williams fails to allege facts indicating that Defendant Bradley acted with deliberate indifference to his serious medical needs based on any delay. Having determined that Williams failed to state a claim upon which relief may be granted against her for medical deliberate indifference, he therefore cannot show ensuing substantial harm—which is fatal to his claim.

Williams merely states that he "suffered" while inside the shower from pain to his pinky, elbow, and/or arm; he alleges no substantial harm or that he was at substantial risk of serious harm stemming from the four-hour delay. *See Johnson v. Richland Parish Det. Ctr.*, 2019 WL 3026987 (W.D. La. 2019) (dismissal for failure to state a claim, as "Plaintiff alleges only that the nurse 'deliberately waited 4 hours to take me to see about possible head, neck and spinal [] injuries'" and that the defendant had no "knowledge of a substantial risk of harm during the alleged four-hour delay."); *see also Grumbles v. Lumpkin*, 706 F. App'x 818, 819-20 (5th Cir. 2017) (explaining there was no evidence that any delay in receiving an ultrasound resulted in any substantial harm, as the ultrasound revealed no abnormalities and no summary judgment evidence that his liver was damaged); *Witt v. Bell*, 551 F. App'x 240, 241 (5th Cir. 2014) (Mem) (two-week delay in receiving an X-ray did not show substantial harm, as "Witt was observed to have ambulated from the clinic without difficulty following the x-ray and despite the fracture."). This claim should be dismissed.

2. Qualified Immunity

Defendant Bradley invokes qualified immunity. She insists that "Williams does not allege a violation of any clearly established rights by Bradley," and that her actions were reasonable. Williams has the burden to demonstrate that the defense of qualified immunity does not apply. *See Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020); *Cunningham v. Castloo*, 983 F.3d 185, 190-91 (5th Cir. 2022). Conclusory allegations are insufficient to overcome the defense. *Williams-Boldware v. Denton Cnty., Tex.*, 741 F.3d 635, 643-44 (5th Cir. 2014); *see also Edmiston v. Borrego*, 75 F.4th 551, 561 (5th Cir. 2023) (rejecting Plaintiffs' conclusory statement).

To demonstrate the inapplicability of the qualified immunity defense, the plaintiff must satisfy a two-prong test. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong is whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). The second is "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). A court may consider the two-pronged inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, Williams has not identified a constitutional violation against Bradley. Therefore, she is therefore entitled to qualified immunity.

3. Eleventh Amendment

To the extent that Williams sues all Defendants for damages in their official capacity, the Court notes that the Eleventh Amendment bars recovering section 1983 money damages from individuals in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (explaining that the Fifth Circuit has "twice held the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacities."); *Kentucky v. Graham*, 473 U.S.

159, 167 (1985) (finding that the Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability). Plaintiff's claims against all Defendants in their official capacities are without merit and should be dismissed.

## RECOMMENDATION

It is therefore recommended that Defendant Bradley's motion to dismiss, (Dkt. #15), be granted, and that Plaintiff Williams's claims against her be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted. Moreover, the Court recommends that Plaintiff's claims against all Defendants in their official capacities be dismissed.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 14th day of June, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE