UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00281

**Mongo J. Williams,**
*Plaintiff,*

v.

**Anthony Dumkwu et al.,**
*Defendants.*

# ORDER

Plaintiff Mongo J. Williams, proceeding pro se, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell.

The magistrate judge issued a report recommending that defendants' motion to dismiss (Doc. 15) be granted and that plaintiff's claims against Sergeant Bradley be dismissed with prejudice. Doc. 18. The magistrate judge further recommended that damages claims against all defendants in their official capacities be dismissed without prejudice. *Id.* Plaintiff filed objections. Doc. 19.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews the objected-to portions of the report de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc).

Plaintiff's amended complaint states:

> I was denied a "serious medical need" A medical shower on 12-12-22 by Anthony Dumkwu C.O. IV. As I walked away from him he then ran up from behind me and slammed me against the wall and windows in the North Side hallway. Two other officers ran to my aid as Captain Christopher Halman stood and watched as I was being beaten by Officer Dumkwu. The woman officer grabbed officer Dumkwu as he slammed my head and body against

> the wall and windows as I held my hands up not wanting to get hurt as a officer man came over and pulled Officer Dumkwu off of me as the lady officer held me in place as she put the hand cuffs on me. I asked her if my left hand was bleeding because it didn't feel normal as my head and left elbow, right shoulder and left pinky began to hurt all at the same time. Then Sgt. Traci Bradley came from nowhere with a camera and began recording as Captain Christopher ran over and grabbed me by the collar and began to yelling "shut up! And let me talk!" When I was just trying to ask why I was being assaulted by him and Officer Dumkwu. Captain Christopher Holman had watched what was going on from the beginning then I was taken to the infirmary then to X-wing and placed in a small shower for (4) hours as I showed my pinky, arm and elbow; camera.

Doc. 8 at 4.[1] Plaintiff's basis for his cause of action against Sergeant Bradley is that she "came and took me to the infirmary then she conducted an improper evaluation on me then took me to a small shower in hand cuffs where I suffered for four hours, X-wing." *Id.* at 3.[2]

However, as the magistrate judge explained, plaintiff provides no facts that would show that defendant Bradley was aware of a substantial risk of serious harm after plaintiff's visit to the prison's infirmary. Plaintiff admits that defendant escorted him to the infirmary after the force incident, and he states that she knew he was in pain and hurt. Doc. 8 at 3.

Given that defendant promptly escorted plaintiff to the infirmary, plaintiff's allegation that he "was harmed and she knew it"

---

[1] The claims against Officer Dumkwu and Captain Holman in their individual capacities are not implicated by the motion to dismiss and they remain pending.

[2] In his response to defendant's motion to dismiss, plaintiff states that he was left in the shower for five hours. Doc. 17. Plaintiff does not allege that the shower was running.

do not show that Bradley was on notice that plaintiff faced a substantial risk of serious harm. *See Cleveland v. Bell*, 938 F.3d 672, 677 (5th Cir. 2019) (explaining that a plaintiff does not meet step one of a qualified immunity analysis when there is lack of evidence concerning a defendant's subjective awareness of a substantial risk of serious harm); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) ("We first note the fundamental inconsistency between Wesson's statement in his pleadings below that the defendants escorted him to the prison infirmary, and his claim that these same defendants denied him access to medical care."). Defendant Bradley escorting plaintiff to the prison infirmary does not suggest that she ignored his complaints or refused to treat him. Such facts indicate the opposite.

Furthermore, plaintiff insists that defendant Bradley performed an "improper evaluation." However, in the unlikely event that Sergeant Bradley—rather than a medical professional—conducted an "improper evaluation," plaintiff fails to set out any facts showing that such evaluation amounted to deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (explaining that unsuccessful medical treatment and the decision whether to provide additional treatment do not constitute deliberate indifference).

To the extent plaintiff contends that defendant Bradley should have realized he was at substantial risk of serious harm while inside the shower because she operated the camera after the force incident concluded, showing that he had been "harmed," it is well settled that such contention does not constitute deliberate indifference under the Eighth Amendment. *See Thompson v. Tex. Dep't Crim. Just.*, 67 F.4th 275, 282–83 (5th Cir. 2023) (recognizing that an official's failure to alleviate a significant risk that he should have perceived, but did not, cannot be characterized as deliberate indifference). Plaintiff admits that he was escorted to the prison infirmary and treated after the force incident for which he complains. He failed to state a claim against defendant Bradley upon

which relief may be granted, and she is entitled to qualified immunity.

Finally, the authority cited by the magistrate judge establishes that sovereign immunity bars plaintiff's damages claims against all defendants in their official capacities. Doc. 18 at 7–8.

Having reviewed the magistrate judge's report de novo, the court accepts its findings and recommendation. Defendants' motion to dismiss (Doc. 15) is granted, plaintiff's claims against Sergeant Bradley are dismissed with prejudice, and plaintiff's claims for money damages against all defendants in their official capacities are dismissed without prejudice.

*So ordered by the court on August 13, 2024.*

J. CAMPBELL BARKER
United States District Judge