UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00281

**Mongo J. Williams,**
*Plaintiff,*

v.

**Anthony Dumkwu et al.,**
*Defendants.*

**OPINION AND ORDER**

Plaintiff Mongo J. Williams, a prisoner confined within the Texas Department of Criminal Justice proceeding pro se, filed this civil-rights proceeding pursuant to 42 U.S.C. § 1983. The case was referred to a magistrate judge. Doc. 2.

**I. Procedural history**

Plaintiff initiated this proceeding in June 2023. Doc. 1. After plaintiff filed an amended complaint (Doc. 8), the magistrate judge issued an order to answer and scheduling order (Doc. 10) directing defendants to answer or otherwise respond to plaintiff's amended complaint.

Defendants Bradley, Dumkwu, and Holman filed a motion to dismiss (Doc. 15) that was granted only as to defendant Bradley; plaintiff's claims against Bradley were dismissed with prejudice. Doc. 23. Plaintiff's claims against defendant Dumkwu for excessive force and defendant Holman for failure to protect remained. *Id*. Defendants Dumkwu and Holman filed a motion for summary judgment. Doc. 44.

After reviewing that motion, the pleadings, and the summary judgment evidence, the magistrate judge issued a report and recommendation that defendants' motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. Doc. 64. In so doing, the magistrate judge determined that the defendants are entitled to qualified immunity. *Id*. at 23.

Further, because plaintiff has no cause of action upon which relief may be granted, the magistrate judge dismissed the plaintiff's sole remaining claim against defendant Ragsdale. *Id.*

Specifically, the magistrate judge found that the *Hudson* factors ultimately weighed in favor of the defendants. *Id.* at 9–18 (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Though plaintiff insists that he was a victim of a vicious attack and was "slammed" against the wall in the hallway at the Beto Unit, Doc.66 at 2, the magistrate judge determined that such allegations were plainly contradicted by the video in this case. Doc. 64 at 17. Therefore, the court held that the surveillance video discredits plaintiff's version of the events and found that defendants are entitled to qualified immunity. *Id.* at 21–23. Additionally, the plaintiff provided no facts that defendant Ragsdale's failure to check on plaintiff amounted to a constitutional violation. *Id.* at 23. Because Ragsdale, head warden on the day in question, ensured plaintiff received a medical evaluation for his injuries, Ragsdale's failure "to check on" plaintiff or "investigate" further than the produced incident report, does not amount to a claim upon which relief may be granted. *See* Doc. 48-8 at 2; Doc. 8 at 3; Doc. 64 at 23. Plaintiff filed timely objections to the report and recommendation. Doc. 66.

## II. Plaintiff's objections

Plaintiff insists that he was attacked by defendant Dumkwu and suffered injuries on December 12, 2022. Doc. 66. He claims that he was walking away when defendant Dumkwu "ran up from behind towards" him and then slammed him against the window and walls—consisting of a brutal and "vicious attack." *Id.* at 2. He insists that he has not conducted interrogatories of the defendants and maintains other camera angles exist. *Id.* at 2–3. Plaintiff states that he was "simply walk[ing] away" before he was attacked. *Id.* at 2.

As to defendant Holman, plaintiff objects to the report and recommendation by insisting Holman watched the allegations set

forth against Dumkwu above occur and "did not run to plaintiff's aid when . . . [plaintiff's] life was in danger." *Id.* at 1.

As to defendant Ragsdale, plaintiff provides no factual objections, but continues to assert his claims against Ragsdale should proceed. *Id.* at 3.

### III. Discussion and analysis

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. Federal Rule of Civil Procedure 72(b)(3); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Plaintiff's objections confirm the accuracy of the report and recommendation.

It is well-established that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992). Because prison officials—when confronted with prison disturbances—have the difficult job of balancing "the threat unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force," the core question is whether the force used against a prisoner was applied in a "good-faith effort to maintain or restore discipline" inside the prison or, conversely, whether the force was applied "maliciously and sadistically for the very purpose of causing harm." *Id.* at 6–7; *see also Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998). Courts consider the *Hudson* factors to determine whether prison guards unnecessarily and wantonly inflicted pain in violation of a prisoner's Eighth Amendment right to be free from cruel and unusual punishment, including: (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. *Baldwin*, 137 F.3d at 839. Each factor is neither exclusive

nor determinative; "each case must be judged on its own facts." *Id.*

When video footage exists that "blatantly contradicts the plaintiff's allegations," this court should not adopt the plaintiff's version of the facts but, instead, should view the facts in the light depicted by the footage. *Hodge v. Engleman*, 90 F.4th 840, 845–46 (5th Cir. 2024) ("The video contradicted the plaintiff's claim of 'a genuine dispute that his constitutional rights had been violated,' entitling the defendants to QI." (citing *Livingston v. Texas*, No. 22-40719, 2023 WL 4931923, at *2 (5th Cir. Aug. 2, 2023)).

Plaintiff's allegations that he was violently, brutally, and viciously attacked are wholly contradicted by the surveillance footage of the incident. Doc. 44 Ex. C. The footage does not depict defendant Dumkwu running up from behind plaintiff and then slamming plaintiff against the wall. *Id.* Similarly, it does not show running or an "ambush" as plaintiff insinuates. *Id.* Plaintiff states that he was beaten and slammed on the wall, but the footage shows no such thing. *Id.* In fact, the footage reveals that no punches were actually thrown. *Id.*

Though plaintiff filed his complaint containing his facts sworn to penalty of perjury, the surveillance footage depicts defendant Dumkwu and plaintiff arguing in the prison hallway before plaintiff begins to walk away from Dumkwu after Dumkwu gave him an order to return to his housing area. *Id.* at 2:04–13. Dumkwu attempts to grab plaintiff's arm as he is walking away, and plaintiff then pulls away aggressively. *Id.* at 2:14–15. Dumkwu then places plaintiff against the wall, and plaintiff is ultimately handcuffed. *Id.* at 2:15–25.

Given the footage demonstrating Dumkwu and plaintiff arguing before plaintiff begins to walk away, plaintiff's contention that Dumkwu "ran up" on him "from behind" before he walked away is disingenuous. Doc. 66 at 2. The magistrate judge correctly determined that the court should discredit plaintiff's version of events because the surveillance footage directly contradicts his

claims. Doc. 64 at 21; *see also Craig v. Martin*, 49 F.4th 404, 409 (5th Cir. 2022) (reversing the denial of qualified immunity because the plaintiff's allegations were "blatantly" contradicted by the video evidence).

Plaintiff's actions—refusing to comply with a direct order and then pulling away from an officer—necessitated the use of force even though plaintiff suffered an injury to his finger. *See Waddleton v. Rodriguez*, 750 F. App'x 248, 254 (5th Cir. 2018) (per curiam) (unpublished) (explaining that though the force incident resulted in some injury, "[a]s to the second and third [*Hudson*] factors, Waddleton's sudden movement created a need for the use of force and the relationship between the need for force and the amount of force used was appropriate."); *McCoy v. Esquivel*, 798 F. App'x 818, 819–20 & n.1 (5th Cir. 2020) (per curiam) (unpublished) (placing emphasis on McCoy's refusal to comply with orders and his "pulling away" from officers in concluding the force used was not unreasonable).

Plaintiff discounts the severity of his refusal to comply: walking away from a direct order and pulling away from an officer in a prison setting. *Johnson v. Hill*, 514 F. Supp. 3d 958, 968 (S.D. Tex. 2021) ("Disobeying orders poses a threat to the order and security of an institution."); *see also Minix v. Blevins*, 2007 WL 1217883, at *24 (E.D. Tex. Apr. 23, 2007) (recognizing that, even where a prisoner believes an order is unjustified or improper, that "does not give him the right to disobey them at his whim.").

Plaintiff insists that the "force" was unreasonable. But, as the magistrate judge concluded, the surveillance footage of the incident proves otherwise. Doc. 64 at 21. The video does not document an ambush or a beating. Rather, the video depicts a small amount of force in which Dumkwu placed plaintiff against the wall after he walked away while simultaneously disobeying Dumkwu's direct order. Doc. 44 Ex. C; *see also Hobart v. Estrada*, 582 F. App'x 348, 351–52 (5th Cir. 2014) (unpublished) ("This court has further said that it assigns greater weight, even at the summary judgment stage, to facts evident from video recordings

taken at the scene."); *see also Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn. 1994) ("Prisoners may not pick and choose which prison rules they will obey.").

The *Hudson* factors ultimately weigh in favor of defendants, especially considering the surveillance footage, and defendants are entitled to qualified immunity. Since the "force" placed on plaintiff by Dumkwu did not amount to a constitutional violation, plaintiff cannot maintain a bystander action against defendant Holman for watching constitutional conduct. *Martinez v. City of Rosenberg, Texas*, 123 F.4th 285, 290 (5th Cir. 2024) ("district court properly dismissed [plaintiff's] bystander liability claim because it cannot stand absent an underlying constitutional violation."). Plaintiff identifies no error in the magistrate judge's report.

Further, due to plaintiff's lack of factual allegations in his amended complaint (Doc. 8), plaintiff's own admission that warden Ragsdale ensured a "use-of-force report" (Doc. 48-8), including a medical evaluation, was completed, and the lack of substantive objections to the magistrate judge's report and recommendations as to defendant Ragsdale, plaintiff's claims against defendant Ragsdale are dismissed. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (when a different defendant "establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of [the] defaulting defendant" even though the defaulting defendant did not join the summary judgment motion).

For the reasons given above, the court accepts the magistrate judge's report and overrules plaintiff's objections. Docs. 64, 66. Defendants' motion for summary judgment (Doc. 44) is granted. Plaintiff's motion to dismiss defendants' motion for summary judgment (Doc. 46) and motion to dismiss defendants' reply (Doc. 58) are denied. Claims against defendant Dumkwu and defendant Holman are dismissed with prejudice. All claims against defendant Ragsdale are dismissed with prejudice. Any pending motions are denied as moot.

*So ordered by the court on August 14, 2025.*

　　　　　　　　　　　　　　　　　　　J. CAMPBELL BARKER
　　　　　　　　　　　　　　　　　　United States District Judge